FILED 18 SEP '26 13:10 USDC-ORE

PLAINTIFF AFFIDAVIT / DECLARATION FOR FIRST CLAIM FOR RELIEF
(Violation of ORS 195.530 – Objective Unreasonableness)

I, Michael McDonald, being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff in this action and an unhoused resident living within Sections 3 and 4 of the Juniper Ridge Temporary Safe Stay Area (TSSA) in Deschutes County, Oregon.

Deschutes County maintains a severe, documented mathematical deficit of available low-barrier shelter beds relative to the local unhoused population.

I have repeatedly attempted to secure emergency shelter, but zero accessible, low-barrier shelter beds are available to me.

Because no alternative lawful shelter exists, enforcing municipal anti-camping rules (Bend Municipal Code Ch. 6.20 and Deschutes County Code Ch. 11.04) against me eliminates all permissible options for me to exist.

Under ORS 195.530, local laws regulating survival activities (sitting, sleeping, keeping warm) on public property must be objectively reasonable as to time, place, and manner. Enforcing prohibitions against outdoor survival during an active shelter deficit renders Defendants' actions per se unreasonable under state preemption law.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 5th day of September, 2026, at Bend, Oregon.

SIGNED,

Michael McDonald

MICHAEL MCDONALD
Declarant / Plaintiff

PLAINTIFF AFFIDAVIT / DECLARATION FOR SECOND CLAIM FOR RELIEF
(Violation of ORS 195.505 – Statutory Custody & Defective Notices)

I, Gregory Smith, being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff in this action residing at the Juniper Ridge TSSA in Deschutes County, Oregon.

Written clearance notices posted at my campsite by Defendants completely failed to comply with mandatory statutory prerequisites under ORS 195.505.

Specifically, 100% of the posted notices lacked required bilingual Spanish text, failed to define specific geographic boundaries, omitted legible timestamps, or specific code violation violated, and failed to state accurate local storage facility details. Because of these failures, the notices are void ab initio under Oregon law.

Defendants fail to create itemized inventories of impounded personal property prior to seizure as required by ORS 195.505.

Defendants do not provide a secure, 30-day fee-free local storage facility; seized items are either destroyed on-site in commercial dumpsters or taken to an unsecure, unmonitored municipal yard where items are stolen or ruined by weather.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 5th day of September, 2026, at Bend, Oregon.

GREGORY SMITH
Declarant / Plaintiff

PLAINTIFF AFFIDAVIT / DECLARATION FOR THIRD CLAIM FOR RELIEF
(Procedural Due Process – 14th Amendment & Or. Const. Art. I, § 10)

I, Michael McDonald being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff residing at the Juniper Ridge TSSA.

Defendants issued a civil trespass exclusion barring me from public land within the TSSA based entirely on off-site law enforcement interactions that bore zero nexus to site safety, code compliance, or on-site behavior.

City Manager Policy JR-0001 guarantees unhoused residents an administrative appeal hearing prior to exclusion or property removal.

Denying administrative appeal hearings guaranteed by municipal policy and issuing arbitrary exclusions without procedural fairness violates my constitutional procedural due process rights (Mathews v. Eldridge).

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 7th day of September 2026, at Bend, Oregon.

M. McDonald

MICHAEL MCDONALD
Declarant / Plaintiff

PLAINTIFF AFFIDAVIT / DECLARATION FOR FOURTH CLAIM FOR RELIEF
(Title II of the Americans with Disabilities Act – 42 U.S.C. § 12132)

I, Gregory Smith, being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff in this action residing at the Juniper Ridge TSSA.

I suffer from qualifying psychiatric conditions (PTSD and MULTIPLE PERSONALITY DISORDER(that constitute recognized disabilities under Title II of the Americans with Disabilities Act (ADA).

Prior to scheduled site clearances, I submitted a formal verbal request for a reasonable accommodation under the ADA to allow additional time, packing assistance, and accessible relocation support.

Defendants categorically ignored my formal request stating that Juniper Ridge was private property and ADA doesnt apply at Juniper Ridge and refused to engage in the mandatory interactive accommodation process required by 28 C.F.R. § 35.130.

Defendants' blanket refusal to provide reasonable accommodations causes severe disparate impact to me and other disabled residents and severs, or severely restricts access to vital medical care.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 5th day of September, 2026, at Bend, Oregon.

Gregory Smith,
Declarant / Plaintiff

PLAINTIFF AFFIDAVIT / DECLARATION FOR FIFTH CLAIM FOR RELIEF
(Unlawful Seizure, Coerced Conversion & Takings – 4th & 14th Amend; Or. Const. Art. I, §§ 9 & 18)

I, Leslie Friel,being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff in this action residing at the Juniper Ridge TSSA.

Defendants permitted unhoused residents to bring personal property and build improvements upon the 170-acre publicly owned site, establishing implied consent and reliance.

During site enforcement actions, Defendants forced me under threat of criminal trespassing to "donate" or discard unabandoned personal property, shelter materials,and tools.

Defendants summarily seize and destroy functional, unabandoned chattels without pre-deprivation process, violating Fourth Amendment protections against unreasonable seizures (Lavan v. City of Los Angeles).

Coercing the disposal of private property after establishing implied consent constitutes unconstitutional conversion and an unlawful taking without just compensation under Article I, Section 18 of the Oregon Constitution.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 7th day of September 2026, at Bend, Oregon.

LESLIE FRIEL,
Declarant / Plaintiff

PLAINTIFF AFFIDAVIT / DECLARATION FOR SIXTH CLAIM FOR RELIEF
(Substantive Due Process / State-Created Danger – 42 U.S.C. § 1983)

I, Gregory Smith, being first duly sworn, depose and declare under penalty of perjury pursuant to Oregon law:

I am a named Plaintiff in this action residing at the Juniper Ridge TSSA.

The Juniper Ridge TSSA currently functions as a managed site providing access to potable water, mobile medical teams, centralized waste management, and enforced fire mitigation infrastructure.

Defendants are taking affirmative action to forcibly evict residents from this stabilized environment and drive them into surrounding unmanaged, dry high-desert brushlands.

Driving residents off managed land severs essential medical care connections, exposes individuals to lethal environmental weather, and forces dispersal into highly flammable wilderness areas.

Defendants' affirmative acts create an immediate, foreseeable danger to human survival, demonstrating deliberate indifference in violation of substantive due process under 42 U.S.C. § 1983 (Penilla v. City of Huntington Park; Kennedy v. City of Ridgefield).

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 5th day of September, 2026, at Bend, Oregon.

GREGORY SMITH,
Declarant / Plaintiff

**FORMAL ADMINISTRATIVE APPEAL AND OBJECTION**
**TO:** City of Bend Code Enforcement, TSSA Site Management, and Deschutes County **EMAIL:** codeenforcement@bendoregon.gov **DATE:** September 7, 2026 **CASE NUMBER:** JR2500067 **LOCATION:** Juniper Ridge Temporary Safe Stay Area (TSSA) **ISSUING OFFICER/STAFF:** Rollert (Notices dated 9-2-26) **SUBJECT:** Administrative Appeal for Notice to Move & Notice to Remedy Violation (Case #JR2500067) and Demand for Immediate Administrative Stay
**1. Formal Administrative Appeal & Stay Demand** I am filing this formal administrative appeal to contest both the **Notice to Move** (issued 9-2-26 at 3:46 PM) and the **Notice to Remedy Violation** (issued 9-2-26 at 4:17 PM) under Case #JR2500067, which set a deadline of September 9, 2026. Under City policy and TSSA operational guidelines, filing this formal administrative appeal immediately stays (pauses) all clearance, property removal, and towing enforcement pending an official administrative review.
**2. Factual & Legal Grounds for Appeal**

- **Lack of Specific Code Citations & Notice Defects:** Neither notice cites a specific section of the Bend Municipal Code, Deschutes County Code, or written TSSA operational rule being violated. Under Fourteenth Amendment procedural due process standards and local administrative enforcement policies, formal notices must state the exact code or rule section violated rather than vague handwritten directives.
- **Vague Directives Regarding Property & Vehicles:**
  - The Notice to Move demands the removal of an *"Extra RV (Ruby)"* to bring the camp into compliance without citing the specific rule limiting vehicle counts per footprint or providing unique vehicle identification (such as a VIN or license plate number).
  - The Notice to Remedy broadly orders the removal of *"excess debris and property on south end of camp from the flat bed trailer to west side of camp."* This fails to distinguish between waste and protected essential personal chattels, functional tools, or shelter components protected under ORS 195.505 and Fourteenth Amendment guarantees.
- **Conflicting Enforcement Timelines:** Hand-writing *"1 week"* on standard 72-hour notice templates creates procedural ambiguity regarding the actual enforcement window under state statutory notice standards.

**3. Administrative Demands**

1. **Immediate Administrative Stay:** Pause all clearance, towing, or property removal actions associated with Case #JRJR2500067 pending formal administrative review.
2. **Written Code Citation & Property Itemization:** Provide written documentation specifying the exact municipal code or TSSA rule sections allegedly violated, along with an itemized specification of property deemed non-compliant.
3. **Cure Opportunity:** Grant an adequate administrative window to resolve any specific non-compliant items once proper written citations and clarifications are provided.

**Respectfully submitted,**

Victoria Rae

VICTORIA RAE. 4583288775