IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY SMITH,

Plaintiff,

v.

CITY OF BEND, et al.,

Defendants.

Case. No. 6:26-cv-1951-MC

OPINION & ORDER

---

MCSHANE, Judge:

Pro se plaintiff Gregory Smith seeks leave to proceed in forma pauperis (IFP). ECF No. 2. This court has discretion in deciding whether to grant in forma pauperis status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for in forma pauperis status, a civil litigant must demonstrate both that the litigant is unable to pay court fees and that the claims the litigant seeks to pursue are not frivolous. 28 U.S.C. § 1915(a)(1), 1915(e)(2)(B)(i); *O'Loughlin*, 920 F.2d at 617. Plaintiff's application demonstrates that he is incapable of paying court fees and the Court GRANTS his application to proceed in forma pauperis.

Plaintiff also moves for injunctive relief. ECF No. 3. Specifically, Plaintiff moves for an order "enjoining Defendants from conducting encampment sweeps, evictions, site closures, or property destructions at the Juniper Ridge Temporary Safe Stay Area." ECF No. 3.

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v.*

*Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

There are several problems with Plaintiff's Complaint. First, Plaintiff seeks relief for others who may be similarly situated to himself. He appears to want to bring this action as a class action. *See* ECF No. 3, 1 (Plaintiff brings the motion "individually and on behalf of all similarly situated unhoused individuals"). Generally, a pro se plaintiff cannot pursue claims on behalf of others. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (listing cases).

For his own claims, Plaintiff alleges that he resides in the Juniper Ridge TSSA and that Defendants are failing to comply with Oregon law when evicting residents of Juniper Ridge. Compl. 2. Specifically, Plaintiff alleges that Defendants: (1) fail to provide written clearance notices; (2) any notices lacked the required bilingual Spanish text; (3) and failed to list accurate storage facilities for any personal property removed.

Plaintiff's allegations, however, are contradicted by the notices Plaintiff attached to the motion for injunctive relief. The written notices provide bilingual notice. ECF No. 3-3, 6–18. Plaintiff does not appear to contest the fact that Defendants have the right, if not an affirmative duty, to control camping at Juniper Ridge. These obligations come from the written notices Plaintiff includes with his motion and stem from Bend Policy No. JR-0001 and Deschutes County Polilcy No. GA-27. The Court is not able to discern any violation of any policy from the Complaint. This is so even when reading the Complaint liberally due to Plaintiff's pro se status.

The notices all provide written notice with one week or more time to remove excess trash and debris from the area. Plaintiff does not have a constitutional right to camp wherever he chooses with no restrictions imposed. Additionally, most of the notices do not appear to be directed at Plaintiff himself. For example, On July 12, 2026, one of Defendants' agents trespassed Jeffrey Aaron Sausser from the TSSA. ECF No. 3-3, 18. The notice states that the trespass was due to Sausser's "Law Enforcement Involvement." Finally, the notices explicitly state that "unclaimed personal property will be securely stored for 30 calendar days at the City storage facility, north terminus of NE 18th Street (Bend)." ECF No. 3-3, 11. The notices then provide a phone number to call for more information or "to arrange a time to collect your items."

Because the written notices attached to Plaintiff's motion directly contradict his allegations, the Court finds that Plaintiff is unable to demonstrate any likelihood of success. Additionally, as noted above, there are few allegations seemingly impacting Plaintiff himself. Any actions Defendants take toward other persons are not relevant to Plaintiff's own claims (despite Plaintiffs attempt to bring claims on behalf of others similarly situated). The Court also notes that Defendants have an administrative appeals and grievance process for those who receive eviction notices. ECF No. 3-3, 32. There is no indication that Plaintiff took advantage of that appeals process. Because Plaintiff does not establish any likelihood of success on the merits, his motion for injunctive relief, ECF No. 3, is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of October, 2026.

/s/ Michael McShane
Michael McShane
United States District Judge